UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| JOSEPH ANTHONY HANZICH, INDIVIDUAL §<br>§ Plaintiff, §<br>§<br>V. §<br>§<br>NACOGDOCHES COUNTY, TEXAS; §<br>JASON BRIDGES, BRYLEE GARZA, §<br>PRESTON JOHNSON, JACOB BRADSHAW, §<br>ALEXANDER RILEY, JUAN MERCADO, §<br>and UNKNOWN JAILER §<br>In their individual capacities, §<br>Defendants. § | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF JOSEPH HANZICH

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Plaintiff **Joseph Anthony Hanzich** and complains of the **County of Nacogdoches, Texas, Sheriff Jason Bridges**, **Brylee Garza, Isaac Ferguson, Jacob Bradshaw, Alexander Riley, Juan Mercado and Unknown Jailer** all named Individually and as Nacogdoches County Employees. Plaintiff Joseph Hanzich will show the Court the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear Plaintiff's state law claims.

2. Venue is proper in this Court, under 24 U.S.C. § 1391(b) because the incident at issue took place in Nacogdoches County, Texas within the United States Eastern District of Texas, Lufkin Division.

## PARTIES

3. Plaintiff **Joseph Anthony Hanzich** is a resident of Nacogdoches County, Texas. Joseph Hanzich is represented by attorney Paul Anderson of Paul Anderson, PLLC, 601 North Street, Nacogdoches Texas 75961.

4. Defendant, the **County of Nacogdoches, Texas,** is a government entity existing under the laws of the State of Texas and is located within the U.S. Eastern District. The County of Nacogdoches operates the Nacogdoches Sheriff's Department and the Nacogdoches County Jail. The County of Nacogdoches finances and operates the jail, employees and compensates the jail's staff, and is charged with ensuring that, at all times, the jail remains in compliance with federal law and the United States Constitution. The County of Nacogdoches can be served through County Judge Greg Sowell at 1010 West Main St., Suite 170, Nacogdoches, Texas 75961. The County of Nacogdoches is represented by Nacogdoches County Attorney John Fleming, Nacogdoches County Attorney's Office, 101 West Main Street, Suite 230, Nacogdoches, Texas.

5. Defendant **Sheriff Jason Bridges** was, at all relevant times, the elected sheriff of Nacogdoches County. At all relevant times, Sheriff Bridges was the policy maker for the jail, and responsible for supervising all operations in the jail, and acting under the color of law. Sheriff Bridges may be served at the Nacogdoches County Sheriff's Office, 2306 Douglas Road, #102, Nacogdoches, Texas 75964, or wherever he may be found.

6. Defendant **Brylee Garza** was, at all relevant times, a jailer employed by Nacogdoches County and the Nacogdoches County Jail. At all relevant times, Brylee Garza was acting under color of law and obligated to follow the policies and procedures of Nacogdoches County, and all state a federal law. Ms. Garza can be served this summons at her place of employment, the Nacogdoches County Court at Law (Jack Sinz presiding). 101 W Main St, Ste 240, Nacogdoches, TX 75961 or wherever she may be found.

7. Defendant **Isaac Ferguson**, was, at all relevant times, a jailer employed by Nacogdoches County and the Nacogdoches County Jail. Isaac Ferguson can be served with process of summons at his place of

employment, the Nacogdoches County Sheriff's Office, 2306 Douglas Road, #102, Nacogdoches, Texas 75964, or wherever he may be found.

8. Defendant **Jacob Bradshaw**, was, at all relevant times, a jailer employed by Nacogdoches County and the Nacogdoches County Jail. Jacob Bradshaw is an employee of Nacogdoches County and can be served with process at the Nacogdoches County Sheriff's Office, 2306 Douglas Road, #102, Nacogdoches, Texas 75964.

9. Defendant **Juan Mercado**, was, at all relevant times, a jailer employed by Nacogdoches County and the Nacogdoches County Jail. Juan Mercado is an employee of Nacogdoches County and can be served with process at the Nacogdoches County Sheriff's Office, 2306 Douglas Road, #102, Nacogdoches, Texas 75964.

10. Defendant **Preston Johnson**, was, at all relevant times, a jailer employed by Nacogdoches County and the Nacogdoches County Jail. Preston Johnson is an employee of Nacogdoches County and can be served with process at the Nacogdoches County Sheriff's Office, 2306 Douglas Road, #102, Nacogdoches, Texas 75964.

11. The **Unknown and Unidentified Defendant** was, at all relevant times, a jailer employed by Nacogdoches County and the Nacogdoches County Jail. The Unknown Jailer is an employee of the Nacogdoches Sheriff's and can be served through Nacogdoches County Attorney John Fleming. Nacogdoches County Attorney's Office, 101 West Main Street, Suite 230, Nacogdoches, Texas or the Nacogdoches County Sheriff's Office, 2306 Douglas Road, #102, Nacogdoches, Texas 75964.

## THE NOVEMBER 8th, 2021 ASSAULT

12. Plaintiff Joseph Hanzich was a custodial inmate of the Nacogdoches County Jail on November 8th, 2021. At approximately 5:50 p.m., Hanzich was ordered to leave his jail cell. In the ensuing incident Hanzich was tackled and repeatedly punched by Nacogdoches County Sheriff's Office jailers without provocation. Hanzich was handcuffed and put into a restraint chair. While he was restrained and immobile, he was choked, punched, and taunted by the officers. Then, while completely restrained, Hanzich was

suddenly and without warning, injected with a syringe containing an unknown chemical into his arm by a jailer. Hanzich convulsed and lost consciousness. The assault, injection and seizure were recorded on video.[1]

13. After Hanzich regained consciousness, he remained restrained in the chair for two hours with no medical attention before being moved to solitary confinement. Hanzich was denied medical care and was unable to file any complaints until four days after the assault. Nacogdoches County Sheriff's Detectives later admitted that Plaintiff Joseph Anthony Hanzich had been misidentified as another more violent inmate named Anthony Joseph Piazzia.

14. Disturbing video exists of the November 8th, 2021 assault on Plaintiff Joseph Hanzich in the Nacogdoches County Jail by the defendants. Undoubtably, the jailers and Nacogdoches County did not expect the video of the incident to be seen or produced, but it was, ironically, as evidence to prosecute the Plaintiff.

15. Mr. Hanzich was criminally charged with a felony for assault on the jailers on November 8th, 2021 by Nacogdoches County District Attorney Andrew Jones. The criminal case against Plaintiff Hanzich is currently set for trial on September 24th, 2023. (**F2226206**; *State of Texas v Joseph Hanzich*; In the 145th Judicial District Court, Nacogdoches County, Texas.)

16. On December 14th, 2021 District Attorney Andrew Jones invited Plaintiff Joseph Hanzich IV, his father Joseph Hanzich III, and mother Dana Hanzich to meet at his office and review the evidence for the criminal charges against the Plaintiff.[2] Plaintiff's father Joseph Hanzich III and mother Dana Hanzich both viewed a video recording of the November 8th, 2021 assault with Nacogdoches County District Attorney Andrew Jones in mid-December of 2021. All three have produced affidavits based on the viewing the video recording of the incident and those affidavits are attached as:

    Exhibit "A" – Joseph Hanzich IV – June 29th, 2022 Affidavit;

---

[1] Hanzich believes there are two video recordings (views), and possibly a third camera recording, of the incident.
[2] Joseph Hanzich III passed away suddenly the evening of Thursday, May 4th, 2023.

>Exhibit "B" – Joseph Hanzich III – June 29th, 2022 Affidavit;

>Exhibit "C" – Dana Hanzich - June 29th, 2022 Affidavit; and,

>Exhibit "D" – Joseph Hanzich IV – May 3rd, 2023 Affidavit.

17. Plaintiff Joseph Hanzich (IV) has viewed the video twice and prepared two affidavits.

18. At some point after the assault and Plaintiff Joseph Hanzich was completely confined in a restraint chair, he was "given an injection by a male nurse wearing black scrubs, and then I go into what appears to be a seizure." See Joseph Hanzich's Affidavits, Exhibit "A" and "D".

19. In contrast to the events described by the Plaintiff, his father and mother in sworn affidavits (after viewing the video in detail), there were at least six incident reports prepared Nacogdoches County jailers. The falsities, irregularities and inconsistencies found in every incident report are blatant, intentional and shocking when compared to the reality of the video.

20. Outrageously, not one single Nacogdoches County jailer incident report mentions the injection of Joseph Hanzich, nor his convulsions, unconsciousness and subsequent use of ammonia smelling salts.

21. See attached:

>Exhibit "E" – Sgt. Brylee Garza, SO# 74577 Incident Report November 8th, 2021;

>Exhibit "F": - Alexander Riley, SO# 74577 Incident Report November 8th, 2021;

>Exhibit "G" – Preston Johnson, SO# 74577 Incident Report November 8th, 2021;

>Exhibit "H" – Jacob Bradshaw, SO# 74577 Incident Report November 8th, 2021; and,

>Exhibit "I" – Juan Mercado, SO# 74577 Incident Report November 8th, 2021.

22. On June 28th, 2022 Joseph Hanzich requested his medical records from the Nacogdoches County Jail through a Texas Public Information Act request. In the approximately 37 pages of medical records produced on July 14th, 2022 by the Nacogdoches County Sheriff's Office there is absolutely no reference to the injection by syringe, convulsions or use of smelling salts. For HIPPA purposes the referenced Plaintiff's medical records are withheld as an exhibit to this complaint.

23. There is absolutely no medical or written evidence of Joseph Hanzich being "given an injection by a male nurse wearing black scrubs, and then I go into what appears to be a seizure," except the display of the assault by syringe seen on video recordings of the incident.

### A Brutal Case of Mistaken Identity

24. To add insult to injury, Plaintiff Joseph Hanzich was misidentified as being another inmate named Anthony Joseph Piazza. Mr. Piazzia was wanted by the Nacogdoches County Sheriff's Office for serious felonies including aggravated family violence. Nacogdoches County Sheriff's Detectives apologetically tell Dana Hanzich that The Nacogdoches County jailers confused Plaintiff Joseph Anthony Hanzich with Anthony Joseph Piazzia (who both look physically similar) and beat the wrong inmate. See Exhibit "C" – Dana Hanzich - June 29th, 2022 Affidavit.

25. Dana Hanzich's April 29th, 2022 affidavit states that after she contacted the Nacogdoches County Sheriff's Office and repeatedly insisted that Nacogdoches County had misidentified her son and were mistreating the wrong person, "[T]he detectives came back on the speaker phone laughing and apologizing that they had the wrong inmate and that they were sorry for any confusion or issues this may have caused." See Exhibit "C" – Dana Hanzich - June 29th, 2022 Affidavit.

26. On June 30th, 2022 Nacogdoches County was put on notice not to spoliate, tamper, alter, modify, edit or change any records related to the Hanzich November 8th, 2021 assault. See attached Exhibit "J" – June 30th, 2022 Letter to Nacogdoches County Judge Greg Sowell and Nacogdoches County Attorney John Fleming.

27. The jury and Court will need to look no further than the video recordings for proof of Plaintiff's allegations.

28. The allegations and claims of this lawsuit are based on comparing the sequence of events seen in the Hanzich video to the incident reports prepared by the Defendants. Not only are the reports false, but the reports are also consistently all false. In fact, not only did these deputies conspire to conceal the facts of the November 8th, 2021 incident by writing nearly identical narratives, they all conspired to omit crucial

facts, including, but certainly not limited to, the injection by syringe clearly seen in the video but never reported.

## CLAIMS

### 42 U.S.C. § 1983 - 4th and 14th Amendment

29. Plaintiff incorporates all preceding paragraphs by reference for all intents and purposes.

30. Plaintiff Joseph Hanzich brings claims for actual damages and punitive damages against all Defendants under 42 U.S.C. § 1983 because the Defendants, acting under the color of law, assaulted Joseph Hanzich in violation of his protected rights under the 4th and 14th Amendments of the U.S. Constitution.

31. The 4th Amendment guarantees the right of a person "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV.  The 14th Amendment guarantees due process of law. Such violations are actionable pursuant to 42 U.S.C. Sections 1983 and 1988.

32. Where an individual's conduct amounts to a mere "passive resistance," use of force is not justified. *Trammell v. Fruge*, 868 F.3d 332, 341 (5th Cir. 2021).

33. The excessive force used by Nacogdoches County employees Sgt. Brylee Garza, Isaac Ferguson, Jacob Bradshaw, Preston Johnson, Juan Mercado, the Unknown Jailer and perhaps others on November 8th, 2021 against Joseph Hanzich was objectively unreasonable under the circumstances and inflicted unnecessary injury, pain, and suffering upon Joseph Hanzich.

34. "To prevail on an excessive-force claim, [a plaintiff] must show (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016) (quoting Elizondo v. Green, 671 F.3d 506, 510 (5th Cir. 2012)).

35. Joseph Hanzich was injured from a use of force that did not consider or account for the fact that he was already physically subdued and constrained. The excessiveness of the force used against Joseph

Hanzich was extremely unreasonable because Plaintiff was blindsided by unexpected strikes to his head after and while he was physically constrained.

36. "Excessive force claims are necessarily fact-intensive; whether the force used is `excessive' or `unreasonable' depends on `the facts and circumstances of each particular case.'" *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (quoting at 704, *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). In making this determination, a court should consider the totality of the circumstances, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396, 109 S.Ct. 1865. Joseph Hanzich was completely physically restrained when he was injected by an unknown chemical that caused convulsions. There was no imminent or immediate threat to the safety of any jailer.

37. The excessiveness of the force used against Joseph Hanzich was extremely unreasonable because Joseph Hanzich was literally blindsided by unexpected punches to his face while constrained, and then went into convulsions from a chemical injection after he was restrained.

38. "The `reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396, 109 S.Ct. 1865. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*. at 396-97, 109 S.Ct. 1865. One or all of the Defendants struck or assaulted Joseph Hanzich after he was completely constrained. The situation was over, there was no need for split-second judgments.

39. "We have consistently held that a police officer uses excessive force when the officer chokes, punches, or kicks a suspect who is not resisting arrest." See, e.g., *Aguilar v. Robertson*, 512 Fed.Appx. 444, 450 (5th Cir. 2013) (per curiam); *McCaleb*, 480 Fed.Appx. at 773; *Sullivan v. Allred*, 297 Fed.Appx. 339, 342 (5th Cir. 2008) (per curiam); *Estate of Sorrells v. City of Dallas,* 45 Fed.Appx. 325 (5th Cir.

2002) (per curiam). Joseph Hanzich could not have been resisting restraint (arrest) because he was already restrained.

40. Joseph Hanzich was physically constrained and, while restrained, continued to be assaulted by Nacogdoches County jail employees who used excessive force causing medical injuries to Joseph Hanzich that persist today.

### No Qualified Immunity

41. Nacogdoches County Sheriff employees Brylee Garza, Isaac Ferguson, Jacob Bradshaw, Juan Mercado, Preston Johnson and the Unknown Jailer do not have qualified immunity under the facts and circumstances of this case.

42. Qualified immunity shields officers from liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When officers invoke qualified immunity at summary judgment, courts ask two questions: (1) whether the evidence viewed in the light most favorable to the plaintiff shows that the officers violated a constitutional right, and (2) whether the unlawfulness of their conduct was "clearly established" at the time. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018).

43. To prevail on an excessive-force claim, the plaintiff must show (1) an injury, (2) that resulted "directly and only" from a use of excessive force, and (3) that the force used was "objectively unreasonable." *Flores*, 381 F.3d at 396.

44. A government official's conduct violates clearly established law when, at the time of the challenged conduct, `[t]he contours of [a] right [are] sufficiently clear' that every `reasonable official would have understood that what he is doing violates that right.' *Anderson v. Creighton*, 107 S. Ct. 3034, 3039 (1987)). Of the six or more Nacogdoches County employees involved in the assault on Joseph Hanzich, at least one employee would have understood that what they were doing violated the law.

### Assault With a Deadly Weapon

45. Under Federal definition an "assault" is an attempt with force or violence to do a corporal injury to another; may consist of any act tending to such corporal injury, accompanied with such circumstances as denotes at the time an intention, coupled with present ability, of using actual violence against the person. *Guarro v. United States*, 237 F.2d 578, 580 (D.C. Cir. 1956).

46. The Unknown and Unidentified Jailer Defendant used or exhibited a deadly weapon, to-wit a syringe and unknown chemical, that in the manner and means of its use and intended use was capable of causing death and serious bodily injury to Joseph Hanzich.

47. The Unknown and Unidentified Defendant intentionally, knowingly, and recklessly caused serious bodily injury to Joseph Hanzich by introducing an unknown chemical into his arterial system using a hypodermic needle, a syringe.

48. Assault and battery in Texas is 1) intentionally, knowingly, or recklessly; and 2) causing bodily injury to another, threatening another with imminent bodily injury, or causing physical contact with another when you know or should reasonably believe that the other will regard the contact as offensive or provocative. Tex. Penal Code Ann. § 22.01(a). The definition of assault is the same whether it is used pursuant to criminal prosecution or civil suit for damages. *Morgan v. City of Alvin*, 175 S.W.3d 408, 418 (Tex. App.-- Houston [1st Dist.] 2004, no pet.)

### Plaintiff Seeks to Establish a *Monell* Claim.

49. In addition to, or in the alternative, Plaintiff Joseph Hanzich seeks to establish a "Monell" claim against the County of Nacogdoches. *Monell v. Dept. Social Services*; 436 U.S. 658 (more) 98 S. Ct. 2018; 56 L. Ed. 2d 611. A Monell Claim is a claim for monetary recovery against a local municipality, where officials have acted unconstitutionally pursuant to local law, custom or policy. In this lawsuit, Plaintiff alleges the County of Nacogdoches' failure to train or supervise its jailers. The Defendants have violated established constitutional rights. The Deputies' conduct, specifically of colluding and conspiring to falsify the incident and medical reports, resulted from a Nacogdoches County official policy, an unofficial

custom, or because the County was "deliberately indifferent" in failing to train or supervise it jailers. In this case, Plaintiff Hanzich's injuries were caused by jailers acting through an official county policy. Plaintiff has *Monell* claims because he can demonstrate that the County Sheriff's Office's regulations, customs, or policies caused the alleged unconstitutional actions, in addition to the individual officers' actions.

50. Joseph Hanzich asserts a *Monell* claim based on allegations the County of Nacogdoches intentionally and unconstitutionally does not enforce the Nacogdoches County Sheriff's Office's use of force and false reporting policies. Further, the County of Nacogdoches intentionally and unconstitutionally routinely ignores detainee emergency calls, is inadequately staffed, its jailers are inadequately supervised, fails to track and supervise the administration of medicines and drugs, and provide inadequate training for medical emergencies. The Nacogdoches County Jail is literally falling apart and the consequences are inflicted on detainees such as Joseph Hanzich.

51. These conditions are sufficiently well known and pervasive that they constitute Nacogdoches County policymaker's intended conditions and practices at the Nacogdoches County Jail.

52. The policy, practice, customs and (video recorded) conduct of deliberate indifference by Nacogdoches County Sheriff Office employees has no legitimate purpose, were done with deliberate indifference to the health and safety of Plaintiff Joseph Hanzich.

53. The policy, practice, customs and (video recorded) conduct of deliberate indifference by Nacogdoches County Sheriff Office employees were actually known or constructively known by Nacogdoches County Sheriff Jason Bridges, Nacogdoches County Attorney John Fleming and Nacogdoches County Judge Greg Sowell.

54. The known and obvious consequences of these policies was that Nacogdoches County jailers would be placed in recurring situations in which the constitutional violations against Joseph Hanzich described in this Complaint would result. The policies of Nacogdoches County certainly made it highly

predictable that the violations alleged by Hanzich would, under the color of law, occur on November 8th, 2021.

55. Nacogdoches County policy makers, including Sheriff Jason Bridges, did nothing to protect the constitution rights of Joseph Hanzich or remedy the dangerous conditions at the jail.

### Conscious And Deliberate Indifference

56. Plaintiff incorporates all preceding paragraphs by reference for all intents and purposes.

57. "If plaintiff's allegations of excessive force are true, then each of the officer defendants either participated in applying force [to Lucas] or was present when the force was applied and failed to intervene." Under either theory, "the law in this circuit [5th] holds that any of the individual officers could be liable for a violation of § 1983 if excessive force was in fact used." *Khan v. Lee*, Civil Action No. 07-7272, 2010 WL 11509283, at *3 (E.D. La. Dec. 2, 2010), aff'd, 683 F.3d 192 (5th Cir. 2012) (citing *Hale*, 45 F.3d at 919). A law enforcement officer "who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley,* 45 F.3d 914, 919 (5th Cir. 1995).

58. Numerous law enforcement officers were present when Joseph Hanzich was punched in the head by Nacogdoches County employees Garza, Ferguson, Bradshaw, Johnson, Mercado and others on November 8th, 2021. No Nacogdoches County Sheriff's employee, including Brylee Garza, Isaac Ferguson, Jacob Bradshaw, Preston Johnson, Juan Mercado and the Unknown Jailer intervened, interceded or protested the assault on Joseph Hanzich by one of their own.

59. The U.S. Second Circuit has stated that "law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen,* 17 F.3d 522, 557 (2d Cir. 1994). *See* also, *Byrd v Brishke,* 466 F.2d 6, 11 (7th Cir. 1972) ("we believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge.").

60. There is a well-developed body of case law in the Fifth Circuit specifically holding that the use of physical force against a restrained, passively resisting, or non-resisting subject violates the Constitution. See, e.g., *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008) (objectively unreasonable to "forcefully slam Bush's face into a vehicle while she was restrained and subdued"); *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999) (allegation of choking that was not in response to any resistance or aggression by suspect in custody was "sufficient to assert a constitutional violation."), clarified by, 186 F.3d 633, 634 (5th Cir. 1999.

61. Nacogdoches County Sheriff's employees present on November 8th, 2021 during the assault on Joseph Hanzich are liable under §1983 under a theory of bystander liability when the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley,* 726 F.3d at 646. Nacogdoches County employees (jailers) were present on November 8th, 2021 and within several feet of Joseph Hanzich when jailers pummeled Joseph Hanzich about his body. All officers failed to either intervene or render aid.

62. "The court is well aware that personal civil liability for constitutional torts is based solely on individual conduct. But as the Fifth Circuit observed in *Meadours*, 483 F.3d at 422 n. 3,"[s]eparate consideration does not require courts to conduct a separate analysis for each officer in those cases where their actions are materially indistinguishable, it merely requires them to consider each officer's actions.'" *Meadours*, 483 F.3d at 422 n. 3.

63. Under either theory, "the law in this circuit [5th] holds that any of the individual officers could be liable for a violation of §1983 if excessive force was in fact used." *Khan v. Lee*, Civil Action No. 07-7272, 2010 (E.D. La. Dec. 2, 2010), aff'd, 683 F.3d 192 (5th Cir. 2012) (citing *Hale*, 45 F.3d at 919). In Hale, the Fifth Circuit expressly recognized that other officers present when excessive force is used may also be liable when they fail to intervene. 45 F.3d 919 ("[A]n officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983.").

## REQUEST FOR PRODUCTION

64. A video recording of the entire November 8th, 2021 assault on Joseph Hanzich, including the injection of unknown chemical by the unidentified jailer, exists. The video has been viewed by the Plaintiff Joseph Hanzich, Joseph Hanzich, III and Dana Hanzich. Each prepared affidavits after that viewing.

64. Plaintiff Joseph Hanzich demands, pursuant to the Federal Rules of Civil Procedure, Defendant Nacogdoches County produce for the Plaintiff and the Court an unaltered, unedited, and untampered copy of any and all video recordings of the entire November 8th, 2021 incident involving Joseph Hanzich.

## DAMAGES SOUGHT

65. Civil rights are derived from the Constitution of the United States. 42 U.S.C. Section 1983 makes it unlawful for anyone acting under the authority of state law to punch anyone in the face or inject them with chemicals while they are completely restrained. A person is Constitutionally guaranteed the right to be free from excessive force by law enforcement, a guarantee set forth in the Fourth and Fourteenth Amendments to the United States Constitution.

66. Plaintiff Joseph Hanzich brings claims for actual damages and punitive damages against all Defendants under 42 U.S.C. §1983 because one or more of the jailer employees of Nacogdoches County Texas engaged in an assault on Joseph Hanzich or failed to intervene in an assault by a jailer or deputy.

67. The conduct by Nacogdoches County Deputy Sheriff's employees deprived Joseph Hanzich of his U.S. Constitutionally protected 4th and 14th Amendment rights.

68. Nacogdoches County and the named Nacogdoches County Sheriff Office's employees are all liable for the Constitutional torts outlined in this complaint because these individuals were present and willing participants in the tortious conduct alleged, then lie about it in incident reports.

69. The County of Nacogdoches, through its Sheriff Jason Bridges, has jailer hiring, training, retention and supervision policies that are grossly negligent because Sheriff Bridges permits and ratifies conduct by its employees that violates the U.S. Constitution.

70.     The County of Nacogdoches, through its jailer hiring, training, retention and supervision policies is grossly negligent by permitting and ratifying conduct by Sheriff's Office employees, Brylee Garza, Isaac Ferguson, Jacob Bradshaw, Juan Mercado, Preston Johnson, the Unknown Jailer and perhaps others.

## PUNITIVE DAMAGES

71.     Joseph Hanzich repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

72.     As a direct and proximate result of the occurrences which are the basis of this lawsuit, Joseph Hanzich was forced to suffer:

   a. Emotional distress, torment, and mental anguish;
   b. Physical injuries;
   c. Physical pain and suffering;
   d. Acts of threats, coercion, and intimidation; and,
   e. Deprivation of his liberty.

73.     When viewed objectively, Nacogdoches County Sheriff's Office employees conduct on November 8th, 2021 was extreme and unjustifiable, considering the probability and the magnitude of harm. As a direct, proximate, and producing cause, the intentional, egregious, and malicious conduct of Nacogdoches County Sheriff Office employees was recklessly or callously indifferent to Joseph Hanzich's constitutionally protected rights. Joseph Hanzich is entitled to punitive damages in an amount within the jurisdictional limits of this Court.

## ATTORNEY'S FEES

74.     If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## REQUEST FOR RELIEF

75.     Joseph Hanzich respectfully prays that upon final hearing of this case, judgment be entered for him against the Defendants, for damages in an amount within the jurisdictional limits of this Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the

legal rate; costs of the court; attorney's fees; and such other and further relief to which Joseph Hanzich may be entitled at law or in equity.

## REQUEST FOR JURY TRIAL

76. Plaintiff Joseph Hanzich demands a jury trial.

## PRAYER

77. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff Joseph Hanzich prays that judgment be rendered against the Defendants, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff further prays for all other relief, both legal and equitable, to which he may be justly entitled, including injunctive relief to prevent further retaliation.

Respectfully submitted,

**PAUL ANDERSON, PLLC**

Paul V. Anderson
SBOT №. 24089964
601 North Street
Nacogdoches, Texas 75961
Tel.    936.305.5600
Fax    713.236.4262
E-mail: paul@paulandersonlaw.com
Attorney for Joseph Hanzich, IV

## VERIFICATION

STATE OF TEXAS                §

NACOGDOCHES COUNTY  §

"My name is Joseph Hanzich. I am over the age of 18. I am fully competent in all respects to swear this Verification. I have personal knowledge of the facts of this Original Complaint. I swear and affirm the facts stated herein and the exhibits attached hereto are true and accurate."

FURTHER AFFIANT SAYETH NOT."

*Joseph Hanzich IV*
Joseph Anthony Hanzich

SUBSCRIBED AND SWORN TO BEFORE ME on this the 8th day of May, 2023.

*Sabrina Hudson*
Sabrina Hudson
My Commission Expires
04/30/2026
ID No 133077392

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS